Nancy Steffen Rahmeyer, J.
On August 7, 2018, the judgment of termination of the parental rights of B.T.S. ("Father") and L.G.S. ("Mother"), to the four siblings of B.B.S. was affirmed by this Court. See In the Interest of B.L.L.S., I.J.L.S., T.M.T.S., and Z.G.H.S. , 557 S.W.3d 486, 2018 WL 3737948 (Mo. App. S.D. Aug. 7, 2018). The opinion sets out the extensive history of the parents with the Children's Division and the juvenile office *512 of Newton County. While those cases were pending, B.B.S. ("Child"), a fifth child, was born to the couple. Mother refused medical screening and treatment for herself and Child. Mother gave inconsistent answers to where she lived and left against the advice of medical staff. Due to concerns about Child's safety, the umbilical cord was tested for illicit substances; the cord tested positive for amphetamines and methamphetamine.
When contacted by the police at the maternal grandparents' home, Mother and Father denied living at the maternal grandparents' home but rather stated they lived in Texas. A certified letter sent to the provided address was returned as undeliverable. The parents refused to disclose their address to their appointed counsel and at the adjudication hearing. Child was not on the rolls of any Indian tribe and was not accepted on the Cherokee rolls until a month after the adjudication.
Mother and Father (collectively, "Appellants") bring this appeal from an order of adjudication finding that Child was in need of care and treatment pursuant to section 211.031.1(1), and an order and judgment of disposition finding that continued removal was necessary pursuant to section 211.183.5.[1] Appellants bring seven points on appeal. All of the points and the arguments fail to comply with Rule 84.04; however, because of the importance in maintaining a parent-child relationship and because we, and the State, are able to discern the basic complaint, we briefly address the issues raised.
Appellants complain in all seven points that the trial court erred in several ways in conducting the adjudication hearing because proper notice had not been provided to the Tribal Court in accordance with the Indian Child Welfare Act ("ICWA"). Appellants claim several errors in failing to follow procedures of 25 CFR Sections 23.11 -.131. The problem with this assertion is that there was no evidence before the trial court that an Indian Child was involved. Appellants assert that the court was aware of the fact that there was an Indian Child because of the four siblings; however, none of those children had been accepted on the Cherokee rolls at the time of Child's adjudication hearing.[2] Appellants have brought no claims that state procedures were not followed. Thus, all points are denied. The order of adjudication is affirmed.
Don E. Burrell, P.J.-Concurs
Gary W. Lynch, J.-Concurs

Appellants have a right to appeal any final judgment, order or decree made under the provisions of Chapter 211, pursuant to section 211.261.1. All references to statutes are to RSMo Cum.Supp. 2012, and all rule references are to Missouri Court Rules (2018), unless otherwise specified.

Since that time, the children have been accepted on the Cherokee rolls and Child does have the ICWA protections.